UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
TRUSTEES OF EMPIRE STATE CARPENTERS :
ANNUITY, APPRENTICESHIP, LABOR- :
MANAGEMENT COOPERATION, PENSION AND :
WELFARE FUNDS, :   MEMORANDUM & ORDER
:
         Plaintiffs, :   14-cv-3325 (ENV) (RER)
:
 -against- :
:
J. CARERI CONSTRUCTION CO., LLC, :
:
         Defendant. :
------------------------------------------------------------- x

VITALIANO, D.J.,

  Plaintiffs Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Management Cooperation, Pension and Welfare Funds ("Funds") initiated this action, on May 29, 2014, against defendant J. Careri Construction Co., LLC ("Careri"), pursuant to § 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(a)(3), § 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, and § 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, to confirm and enforce an arbitration award. Defendant, it is alleged, was a party to a collective bargaining agreement ("CBA") with a non-party union. The CBA required defendant to make periodic contributions to plaintiffs; furnish its books and payroll records upon request for an audit; and submit any dispute to final, binding arbitration. Defendant allegedly failed to comply with plaintiffs' demands to furnish books and records. Pursuant to the CBA, the Funds sought resolution through arbitration. All parties were noticed, and an arbitration hearing was held on April 14, 2014. Defendant failed to appear at the arbitration hearing. The arbitrator then issued an Audit Order and Deficiency Award, dated April 14, 2014, directing Careri to pay the Funds a



total of $413,519.88, consisting of $302,582.04 in estimated contributions, $48,771.43 in interest, $60,516.41 in liquidated damages, $900 in attorney's fees, and $750 for the arbitrator's fee. The arbitrator further directed defendant to make available payroll and other records covering the period January 1, 2009 through February 28, 2014, and to immediately cooperate in the performance of an audit. Though a copy of the award was sent to Careri, it has failed to comply with the award.

This suit followed, and Careri has not appeared or otherwise responded to the complaint. The Funds have moved for default judgment. After denying their initial application for noncompliance with the applicable procedural rules, the Court granted their renewed default judgment motion, and referred the matter to Magistrate Judge Ramon E. Reyes, Jr., for a report and recommendation ("R&R") on damages. On January 5, 2016, Judge Reyes, upon his review of the plausibility of liability and inquest on damages, recommended that the arbitrator's award be confirmed and that judgment be entered in the amount of $413,519.88, plus $2687.53 in attorney's fees and costs, for a total award of $416,207.41. The R&R gave the required notice that any objection had to be filed on or before January 22, 2016. (R&R, ECF No. 16).

In reviewing a report and recommendation of a magistrate judge, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Further, a district judge is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1); *see also Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010). But, where no timely objection has been made, the "district court need only satisfy itself that there is no clear error on the face of the record" to accept a magistrate judge's report and recommendation, and "may adopt those portions of the [r]eport . . . which are

not facially erroneous." *Price v. City of N.Y.*, 797 F. Supp. 2d 219, 223 (E.D.N.Y. 2011) (quoting *La Torres v. Walker*, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000)).

In this instance, no objections have been filed, and the time to do so has passed. After careful review of the record, the Court finds the R&R to be correct, well-reasoned, and free of any clear error. The Court, therefore, adopts the R&R in its entirety as the opinion of the Court.

The Clerk of Court is directed to enter judgment accordingly and to close this case.

So Ordered.

Dated: Brooklyn, New York
January 30, 2016

/S/ USDJ VITALIANO
ERIC N. VITALIANO
United States District Judge